IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SOPHIA MYERS, KARA KAY, RYANN ALLISON, ELAINA AMADOR, BERKLEE ANDREWS, and MEAGAN LEDBETTER, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>VS.<br><br>STEPHEN F. AUSTIN STATE UNIVERSITY, a member of THE UNIVERSITY OF TEXAS SYSTEM,<br><br>*Defendant.* | CIVIL ACTION NO. 9:25-CV-00187<br>JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING AS MOOT DEFENDANT STEPHEN F. AUSTIN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Before the Court is Defendant Stephen F. Austin State University ("SFA")'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 28]. After considering SFA's motion and reviewing the pleadings on file and all applicable law, the Court **DENIES** the same as moot.

### I. BACKGROUND

On June 30, 2025, Plaintiffs filed their Complaint in the above-styled matter. [Dkt. 1]. SFA filed its Motion to Dismiss Plaintiff's Complaint on August 21, 2025. [Dkt. 28]. Thereafter, on September 4, 2025, Plaintiffs filed their First Amended Complaint [Dkt. 32], thereby rendering SFA's motion moot.

### II. DISCUSSION

A complaint amended pursuant to Federal Rule of Civil Procedure 15(a) supersedes the pleading it modifies. Fed. R. Civ. P. 15(a); *Pac. Bell Tel. Co. v. linkLine Commc'ns., Inc.*, 555 U.S. 438, 456 n.4 (2009) (citation omitted); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (citations omitted). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ." 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1476 (4th ed.

2024) (footnote omitted); *see also Wilson v. Birnberg*, 569 F. App'x 343, 348 (5th Cir. 2014) (citation omitted); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citations omitted). In fact, "if the first complaint is considered superseded by the amendment, the court is not required to dismiss the suit when a motion points up the weaknesses of the earlier pleading." 6 Wright et al., *supra*, § 1476. Nonetheless, if the defects in the original pleading remain in the new pleading, "the court [ ] *may* consider the motion as being addressed to the amended pleading." *Id.* (emphasis added) (footnote omitted); *see also Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018) (footnote omitted); *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) (citation omitted).

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Stephen F. Austin State University's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. 28] is hereby **DENIED AS MOOT**.

**SIGNED this 5th day of January, 2026.**

Michael J. Truncale
United States District Judge